## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| Karl Frederick Horman and ) | Chapter 7 |
| Bridget Elizabeth Horman ) | Case No. 20-22484-GLT |
| Debtor ) | |
| | |
| CL45 MW Loan 1, LLC ) | Hearing Date: November 19, 2020 |
| Movant ) | Hearing Time: 9:00 AM |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW comes CL45 MW Loan 1, LLC ("Movant"), by and through its attorneys, JSDC Law Offices, and files the Motion for Relief from the Automatic Stay, averring as follows:

1.    Karl Frederick Horman ("K. Horman") and Bridget Elizabeth Horman ("B. Horman"), (collective, "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on August 25, 2020.

2.    Movant is the holder of a valid security interest in K. Horman's personal property, specifically, in the form of a note and commercial security agreement dated March 3, 2016, in the original amount of $47,141.00 (the "$47k Note") pertaining to a certain 2014 Ford Super Duty F550 Truck, VIN 1FD0W5HT8EEB18099 (the "2014 Ford"). A true and correct copy of the $47k Note and commercial security agreement (the "$47k Security Agreement") are marked Exhibit "A", attached hereto and made a part hereof.

3.    Movant is the holder of a valid security interest in K. Horman's personal property, specifically, in the form of a note and commercial security agreement in the original amount of $13,253.50 (the "$13k Note") pertaining to a certain 2016 Kaufman Deluxe Wedge, VIN 5VGFW5024HL000120 (the "Kaufman Trailer"). Collectively the 2014 Ford and the Kaufman Trailer are hereinafter referred to as the "Collateral". A true and correct copy of the $13k Note and commercial security agreement (the "$13k Security Agreement") are marked Exhibit "B", attached hereto and made a part hereof.

4.    This is an action under 11 U.S.C. section 362 (d) to vacate or modify a stay granted

under 11 U.S.C. section 362 (a) to permit Movant's enforcement of any and all remedies permitted under the $47k Security Agreement and the $13k Security Agreement, and state law as against the Collateral, including repossession.

5. K. Horman has failed to make timely monthly payments to Movant when due.

6. The total loan balance of the $47k Note as of the filing date of the instant case, and the amount past due to Movant in post-petition arrearages and associated late charges, are $44,892.83 and $30,104.45, respectively.

7. The total loan balance of the $13k Note as of the filing date of the instant case, and the amount past due to Movant in post-petition arrearages and associated late charges, are $11,325.88 and $9,019.52, respectively.

8. Movant does not have, nor has it been offered, adequate protection for its interest(s) in the Collateral.

9. Upon information and belief, Debtor has no equity in the Collateral.

10. If Movant is not permitted to proceed with its remedies against the Collateral, Movant will suffer irreparable injury, loss, and damage.

11. Movant further respectfully requests that any relief granted pursuant to the instant Motion be effective immediately, and not be subject to the stay of proceedings of Bankruptcy Rule 4001 (a)(3).

WHEREFORE, Movant respectfully requests this Honorable Court to modify the automatic stay of 11 U.S.C. section 362 (a), pursuant to the proposed Order attached hereto.

Respectfully submitted,
**JSDC Law Offices**

BY: _____
Kimberly A. Bonner, Esquire
11 E. Chocolate Avenue, Suite 300
Hershey, PA  17033
Phone: (717) 533-3280; Fax: (717) 298-2085
Email: kab@jsdc.com
*Attorney for Movant*